UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

-FILED-
SEP 24 2025
At_____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | 2:25 CR 111 |
| ) | |
| NATHAN BENANTE ) | |

## PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, come now the United States of America, by its counsel, M. Scott Proctor, Acting United States Attorney for the Northern District of Indiana, through Assistant United States Attorney Philip C. Benson, the defendant, Nathan Benante, and William Padula, as attorney for the defendant, and show the Court they have entered into a plea agreement as follows:

1. I, Nathan Benanate, have the ability to read, write and speak the English language.

2. I have received a copy of the Information. I have read it and discussed it with my lawyer. I believe and feel that I understand every accusation made against me in this case. I have agreed, as set forth in a separate filing with the Court, to waive my right to indictment by a federal grand jury with respect to any charge described in the Information filed in this cause.

3. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information. I believe and feel that my lawyer is fully informed as to all such matters. My lawyer has counseled and advised me as to the nature and elements of every accusation against me and as to any possible defenses I might have.

4. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

5. I understand that by pleading guilty I waive certain rights. The rights described below have been explained to me, as well as the consequences of my waiver of these rights:

a. If I persisted in a plea of not guilty to the charge against me, I would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. I have the right to a jury trial. However, I may waive a jury trial in writing with the approval of the Court and the consent of the government.

b. If the trial is a jury trial, the jury would be composed of twelve lay persons selected at random. My attorney and I would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that a defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of my guilt beyond a

2

      reasonable doubt, and that it was to consider each count of the information/indictment separately.

c.   If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of my guilt beyond a reasonable doubt.

d.   At a trial whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against me. I would be able to confront those government witnesses, and my attorney would be able to cross-examine them. In turn, I could present witnesses and other evidence in my own behalf. If the witnesses for me would not appear voluntarily, I could require their attendance through the subpoena power of the Court.

e.   At a trial, I would have a privilege against self-incrimination so that I could decline to testify, and no inference of guilt could be drawn from my refusal to testify. If I desired to do so, I could testify in my own behalf.

f.   At trial and at every stage of the proceedings, I have a right to an attorney, and if I could not afford an attorney, one would be appointed for me.

g.   In the event that I should be found guilty of the charge against me, I would have the right to appeal my conviction on such charge to a higher court.

      6.   I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the U.S. Sentencing Guidelines. I understand that the U.S.

Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report, input from defense counsel and the Government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

7. Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

a. I will plead guilty to the Information charging me with Theft of Government Property less than $1000 in violation of 18 U.S.C. § 641, because I am, in fact, guilty of this offense.

b. I understand that the charge of Theft of Government Property carries a maximum term of incarceration up to one (1) year, a fine not to exceed $100,000, or a combination of both imprisonment and a fine. In addition to any other penalty imposed, I must also pay a special assessment of $25. Furthermore, I understand that in addition to the sentence imposed upon me for my conviction, the Court can impose a term of supervised release of up to one year.

c. In exchange for my guilty plea to the Information, the United States Attorney's Office for the Northern District of Indiana agrees that no additional charges arising out of my receipt of Railroad Retirement unemployment insurance benefits is appropriate.

d. The United States of America and I have entered into the following agreements in paragraphs (d)(i) through (d)(ii) which are **not binding** upon the Court. I understand that if the Court does not follow the **non-binding** agreements in paragraphs (d)(i) through (d)(ii), I will not be allowed to withdraw my guilty plea:

4

i. In recognition of my acceptance of responsibility for my offense conduct, I am entitled to a two point, and if eligible, an additional one-point reduction in offense level for acceptance of responsibility; however, the Government is not obligated to recommend I receive the acceptance of responsibility adjustment if I deny my involvement in the offense or relevant conduct, give conflicting statements of my involvement or relevant conduct, or engage in additional criminal conduct.

ii. Pursuant to U.S.S.G. §2B1.1, the parties agree that the following guidelines are applicable in this case and that no other special characteristics or enhancements are applicable:

| | |
|---|---|
| Base offense level | 6 |
| Loss amount >15K and <40K | <u>4</u> |
| Total offense level | 10 |
| Acceptance of responsibility | (2) |
| Zero Point Offender Adjustment | <u>(2)</u> |
| Final Adjusted Offense Level | 6 |

e. The United States and I have also entered into the following agreements in paragraphs (e)(i) through (e)(ii) which are **binding** upon the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

I further understand this means that if the Court does not accept the **binding** agreements set forth in paragraphs (e)(i) through (e)(ii) below, the Court will notify me that it has rejected this plea agreement and afford me the opportunity to then withdraw my plea of guilty. I further understand if I then persist in my guilty plea, the disposition of the case may be less favorable to me than that contemplated by this plea agreement:

i. The parties agree that based upon the above guideline calculation, a sentence of one year of probation, with the conditions of probation to be determined by the Court, is appropriate and will be the sentence imposed by the Court.

5

  ii. The parties further agree I will pay restitution for the offense charged and all relevant conduct, and that the restitution shall be due and payable immediately as follows:

    Restitution Amount of $16,920 payable to:
    U.S. Railroad Retirement Board
    UI & SI Debt Collection
    PO BOX 979025
    Saint Louis, MO 63197
    RE: Benante OIG CASE No. C-2021-3575

    Restitution Amount of $2,694 payable to:
    State of Indiana
    Trust Fund Accounting
    Attn: Benefit overpayments
    Indiana Department of Workforce Development
    10 North Senate Avenue
    Indianapolis, IN 46204
    Re: Nathan Benante - Overpayment

f. I understand that the law gives a convicted person the right to appeal their conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

g. I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of

6

Information Act and the Privacy Act of 1974.

h.  I expressly authorize the U.S. Attorney's Office to obtain a credit report to evaluate my ability to satisfy any financial obligation imposed by the Court. I agree, upon request by the U.S. Attorney's Office, to submit within 30 days of the request, a completed financial statement to the U.S. Attorney's Office in a form it provides and as it directs. I promise that the financial statement and disclosures will be complete, accurate, and truthful. I understand that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. §1001, by an additional 5 years of incarceration and a fine. If deemed necessary by the U.S. Attorney's office, I agree to submit prior to sentencing, to an examination under oath on the issue of my ability to pay restitution.

8.  I am prepared to state to the Court the facts in this matter that cause me to believe that I am guilty of the count to which I have agreed to plead guilty. I acknowledge the following statement is a summary of my conduct and it does not contain all of the details of my criminal activity:

At all times material to the Information in this case:

I was employed as a railroad mechanic and covered by unemployment insurance provided by the Railroad Retirement Board. After being laid off from my job as a railroad mechanic, I eventually began to receive Railroad Retirement Board unemployment benefits. I knew that I could not be employed, or collect other types of state unemployment benefits, while receiving Railroad Retirement Board unemployment benefits.

In July of 2021, while living in the Northern District of Indiana, I completed a bi-weekly application for Railroad Retirement Unemployment Benefits stating I was not currently employed. I knew this was not a true statement because I was currently employed in the private sector. After completing this application for Railroad Retirement Board unemployment benefits, on or about July

7

27, 2021, I obtained a payment of less than $1,000 in Railroad Retirement Unemployment Benefits knowing that I was not entitled to these benefits and that obtaining these benefits were in violation federal law.

9. I understand that if I violate any of the provisions of this plea agreement, including my continuing obligation to demonstrate acceptance of responsibility, the United States may at its option either (1) ask the Court to make a determination that I have breached a term in this agreement in which event I will at sentencing lose the benefit of all the non-binding promises made by the government in this agreement and I would have no right to withdraw my guilty plea, or (2) the United States could seek to have the Court declare this entire plea agreement null and void, in which event I can then be prosecuted for all criminal offenses that I may have committed.

10. I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

11. I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way

by anyone to cause me to plead guilty in accordance with this agreement. I understand and acknowledge that this agreement, once filed with the Court, is apublic document and available for public viewing.


/s/ Nathan Benante  
Nathan Benante  
Defendant

/s/ William Padula  
William Padula  
Attorney for Defendant


APPROVED:
    M. Scott Proctor,  
    Acting United States Attorney


By:   /s/ Philip C. Benson  
      Assistant U. S. Attorney  
      Northern District of Indiana